UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE THOMPSON,

        Petitioner,

                              CASE NO. 2:08-CV-10603
v.                               HONORABLE VICTORIA A. ROBERTS

SUSAN DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

### I. Introduction

Yvonne Thompson ("Petitioner"), a state prisoner currently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that she is being held in violation of her constitutional rights. Petitioner pleaded guilty to one count of perjury, Mich. Comp. L. § 750.422, in the Kent County Circuit Court and was sentenced to 6 ½ to 19 ½ years imprisonment in 2005. In her application, Petitioner asserts that the state trial court erred in scoring an offense variable and failed to depart downward from the state sentencing guidelines.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the

Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief on her sentencing claims, such that the habeas petition must be denied.

## II. Facts and Procedural History

Petitioner's perjury conviction arises from her conduct in providing false testimony while appearing as a witness during a preliminary examination in a murder case. On July 20, 2005, Petitioner pleaded guilty to perjury in exchange for the dismissal of a fourth habitual offender supplemental information and a recommendation for a sentence at the low end of the sentencing guidelines. At the sentencing hearing, defense counsel requested a downward departure from the minimum sentence guideline of 78 months, which the trial court denied. The court did, however, sentence Petitioner at the low end of the guideline range in accordance with her plea agreement.

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising her sentencing claims, which was denied for lack of merit in the grounds presented. *See People v. Thompson*, No. 272520 (Mich. Ct. App. Oct. 6, 2006)

(unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was also denied. *See People v. Thompson*, 477 Mich. 1034, 727 N.W.2d 608 (2007).

Petitioner timely filed the present petition for writ of habeas corpus asserting the following claims as grounds for relief: (1) her sentence is invalid because the sentence guidelines were improperly enhanced where Offense Variable 19 (interference with the administration of justice) was improperly scored; and (2) the trial court should have departed downward from the minimum sentence. These claims were fairly presented to the Michigan appellate courts.

### III. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed her habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

In this case, both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal in standard orders without discussing the sentencing issues. Accordingly, this Court must conduct an independent review of the state court decisions. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 943. This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

### B. Sentencing Claims

Petitioner first asserts that she is entitled to habeas relief because the trial court erred in

scoring Offense Variable 19 of the state sentencing guidelines. Specifically, Petitioner contends that the scoring of that variable required the trial court to make a finding of interference with the administration of justice which was not admitted by her nor established beyond a reasonable doubt in violation of her constitutional rights.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner challenges the scoring of her sentencing guidelines under state law, she is not entitled to relief from this Court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner also cannot prevail on her claim that she is entitled to habeas relief because the trial court relied upon facts not presented at the plea or sentencing hearings in imposing her sentence in violation of the Sixth and Fourteenth Amendments. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant

or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). Petitioner cites *Apprendi, Blakely, and Booker* as case authority in her pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge – the judge's only discretion is in setting the minimum sentence. The federal courts within this circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006); *accord People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006). Petitioner's sentence is within the statutory maximum. *See* Mich. Comp. L. §750.422. Habeas relief is therefore not warranted on this claim.

Petitioner also asserts that the trial court erred in failing to depart downward from the minimum sentencing guidelines in light of the mitigating circumstances in her case. This issue presents a matter of state law which is not cognizable upon federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"). A state court's failure to abide by its own sentencing procedures is not subject to federal habeas review. *See Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Any error in refusing to depart below the sentencing guideline range does not merit federal habeas

relief. *See Lewis v. Prelesnik*, No. 05-CV-73438-DT, 2007 WL 674609, *4 (E.D. Mich. March 5, 2007). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner relies solely upon state law in making this claim and only alleges a violation of state law. She has failed to state a claim upon which federal habeas relief may be granted. Habeas relief is not warranted.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the sentencing claims contained in her petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on the habeas petition or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to her habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**SO ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: February 19, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on February 19, 2008.

s/Carol A. Pinegar
Deputy Clerk

---